**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAWRENCE LEE ANDERSON, JR.,

    Defendant - Appellant.

No. 16-1420
(D.C. No. 1:16-CR-00052-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **McHUGH**, Circuit Judges.
_____

Lawrence Lee Anderson, Jr. accepted a plea agreement and pleaded guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 48 months of imprisonment, below both the statutory maximum penalty and the advisory Sentencing Guidelines range. Although the plea agreement contained an appeal waiver, Mr. Anderson appealed. The government moves to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. We need not address a *Hahn* factor that the appellant does not contest. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

In his response to the government's motion, Mr. Anderson, through counsel, informs the court that he does not oppose the motion. Further, he has not contested any of the *Hahn* factors. Accordingly, the motion to enforce is granted, and this matter is terminated.

Entered for the Court
Per Curiam